**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TRISTAN ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-01120-JTF-atc |
| | ) | |
| v. | ) | |
| | ) | |
| SERGEANT HURT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1),**
**GRANTING LEAVE TO AMEND,**
**AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 7)**

On June 3, 2020, Plaintiff Tristan Robinson, who is presently incarcerated under booking number 497796 at Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On June 5, 2020, the Court granted him leave to proceed *in forma pauperis*. (ECF No. 6.)

Robinson's complaint alleges use of excessive force on October 13, 2019 at the Tipton County Sheriff's Department (the Jail) in Covington, Tennessee. (ECF No. 1 at PageID 2 & 4-5.) Plaintiff sues: FNU Hurt; FNU Sharp; and FNU Sykes in their official and individual capacities. (*Id*. at PageID 2 & 3.) He seeks $60 million in relief. (*Id*. at PageID 3.) The Clerk shall modify the docket to add Tipton County and Tipton County Sheriff's Office as Defendants.

## I.  BACKGROUND

Robinson states that "two Tipton County sheriffs" arrested him pursuant to a warrant on October 13, 2019 in front of his home. (ECF No. 1 at PageID 4.) They searched him and

transported him to the Jail.  Once there, corrections officer Sykes searched him several times at the intake area.  (*Id.*)  Robinson told Jail personnel that "I was under the influence," and they ordered him to change into Jail-issued clothing.  (*Id.*)  Next, corrections officer Sharp stated that he witnessed Robinson swallowing drugs.  Sharp ordered Plaintiff to spit out the contraband and "started to choke" Robinson.  (*Id.*)  When Sharp called for assistance, Sykes arrived on the scene and "joined [Sharp] in physically assaulting" Plaintiff.  (*Id.*)  Sergeant Hurt came to the scene and handcuffed Plaintiff in a "very aggressive" manner.  (*Id.*)  Officers placed Robinson in a restraint chair "for about a ½ hour or more … because I supposedly swallowed something."  (*Id.* at PageID 4-5.)  An hour later, officers took Robinson "to the Covington Hospital where I flatlined out," so he was sent to Regional One Hospital's intensive care unit.  (*Id.* at PageID 5.)  The sheriff then went to Robinson's residence, where he asked Plaintiff's wife about his possessions at the time of his arrest.  Robinson's wife responded that he "didn't have anything" on him.  (*Id.*)  Officials did not disclose to her that Plaintiff was in the hospital until two days later.  (*Id.*)

Robinson seeks: (1) the Court's investigation of this incident; (2) the Court's procurement of "any documents or camera footage and hospital records"; (3) Defendants' employment termination; and (4) $60 million in damages.  (*Id.* at PageID 3.)

Robinson has also filed a motion seeking appointment of counsel.  (ECF No. 7.)

## II.   LEGAL STANDARDS

### A.   Screening Requirements

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

B.   **Requirements To State A Claim Under 42 U.S.C. § 1983**

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of
rights secured by the "Constitution and laws" of the United States (2) committed by a defendant
acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III.   **ANALYSIS**

A.   **Official Capacity Claims Against Defendants And The Jail**

To the extent Robinson asserts official capacity claims against Hurt, Sharp, and Sykes
(ECF No. 1 at PageID 3), those claims are against their employer, Tipton County.  The complaint,
however, does not state a valid § 1983 claim against the County.  A local government such as a
municipality or county "cannot be held liable *solely* because it employs a tortfeasor -- or, in other
words,   a   municipality   cannot   be   held   liable   under § 1983 on   a *respondeat
superior* theory."   *Monell  v.  Dep't.  of  Soc.  Serv.*,  436  U.S.  658,  691  (1978) (emphasis  in
original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  A municipality may
be held responsible for a constitutional deprivation only if there is a direct causal link between a
municipal policy or custom and the alleged deprivation.  *Monell*, 436 U.S. at 691-92; *Deaton v.
Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  A plaintiff "must (1) identify the
municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his
particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815

4

(6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).  Robinson does not describe any Tipton County policy or custom, let alone one that is unconstitutional or pursuant to which Hurt, Sharp, and Sykes acted.  Therefore, he does not state a claim against Tipton County or any Defendants in their official capacity.

To the extent Robinson seeks to hold the Jail liable for his allegations in this case, his claims fail.  A jail is not a "person" subject to suit under § 1983.  *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("the Shelby County Jail is not an entity subject to suit under § 1983").  Therefore, Plaintiff does not state a claim to relief against the Jail.

To the extent Robinson seeks to hold the Tipton County Sheriff's Office liable under the complaint's allegations, his effort is misplaced.  *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citation omitted); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit").

**B.  <u>Individual Capacity Claims Against Defendants Alleging Excessive Force</u>**

Robinson's excessive force contentions fail to state a claim for relief because he does not sufficiently plead constitutional deprivation.  (ECF No. 1 at PageID 2 ("The Tipton County Sheriff's Department used excessive force against me").)

5

Pretrial detainees' protection against excessive force is provided by the Fourteenth Amendment's standard of objective reasonableness. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).[1]  That standard "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."  *Id.* Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted).  The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473.  This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

The Court considers Robinson's claims against Defendants as follows:

(1)     As to claims against Sharp and Sykes, Robinson provides scant details about the incident.  Plaintiff states only that: Sharp "choke[d]" him after purportedly watching him swallow drugs in the Jail's intake area; and Sykes "joined" Sharp "in physically assaulting me." (ECF No. 1 at PageID 4-5.)  He does not describe the manner in which Sharp and Sykes "physically

---

[1]     Conversely, convicted prisoners' excessive force claims arise under the Eighth Amendment's prohibition of cruel and unusual punishment.  The Eighth Amendment's subjective standard takes into account a defendant's state of mind. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Here though, Robinson's complaint indicates that he was a pretrial detainee at the time of the October 13, 2019 incident.  (ECF No. 1 at PageID 2 & 4-5.)  Thus, the Fourteenth Amendment governs his excessive force claims.

assault[ed]" (*id.* at PageID 4) him.  Although he claims he did not resist (*id.*), his factual allegations suggest otherwise.  The complaint describes facts and circumstances from which reasonable Jail officers such as Sharp and Sykes could have objectively perceived a threat of danger to themselves and others in the intake area.  Specifically, Robinson himself notified Jail personnel that he was under the influence of drugs.  The fact that he "flat-lined" (*id.*) at the hospital suggests a considerable volume of illicit substances in his body at the time of the incident.  Accepting Plaintiff's allegations as true, his drug-altered condition suggests that he posed a danger to officers and fellow arrestees.

The Court is not in the position to second-guess the split-second judgment calls of officers on the scene who, as in this case, allegedly saw an arrestee consume drugs.[2]  Circumstances suggesting threats to officers or bystanders inform the Court's consideration of the totality of the circumstances.  *See*, *e.g.*, *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 404-05 (6th Cir. 2009); *Baker v. City of Hamilton*, 471 F.3d 601, 607 (6th Cir. 2006) (collecting cases).  While Robinson argues in conclusory fashion that Sharp and Sykes used excessive force (ECF No. 1 at PageID 2), that contention alone does not satisfy the pleading standard.  *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions....").  Robinson alleges no facts that Sharp and Sykes acted maliciously or sadistically with the intent to cause him harm, rather than to maintain the security that was necessary to safety of both detainees and Jail personnel.  In sum, Plaintiff offers no facts about the totality of circumstances from which this Court could plausibly infer any basis for relief.

---

[2]    *See*, *e.g.*, *Graham*, 490 U.S. at 397 ("… officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving …").

Furthermore, although a physical attack on a handcuffed pretrial detainee that causes injury could constitute excessive force under the Fourteenth Amendment[3], Robinson does not allege that he suffered any physical injury from the incident. Rather, his complaint alleges that he was taken to the hospital because of the effects from the drugs he consumed. (*See* ECF No. 1 at PageID 4-5.) His failure to allege that he suffered any physical injury requires dismissal of his complaint pursuant to 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Accordingly, to the extent Robinson's complaint seeks relief for mental or emotional harm from the incident, he does not state a cognizable claim.

(2)     As to claims against Hurt, Plaintiff's allegations against her are sparse. She booked him during intake. Later, she told him that he was being restrained in the holding chair because he had "swallowed something." (*Id*. at PageID 4.) Beyond these contentions, Plaintiff alleges no wrongdoing by Hurt. When a complaint fails to allege any action by a defendant, it necessarily fails to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

Moreover, Robinson cannot sue Hurt merely because of her position as Sergeant. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556

---

[3] *See, e.g., Jimenez v. Fresno Cnty. Super. Ct.*, No. 1:13-CV-01204-SAB PC, 2013 WL 5315237, at *1 (E.D. Cal. Sept. 20, 2013); and *Brooks v. Austin*, 720 F. Supp. 2d 715, 720 (E.D. Pa. 2010).

U.S. at 676.  Robinson fails to plead what actions Hurt took that violated Plaintiff's rights.  Thus, he does not state a claim against Hurt in her individual capacity.

For the foregoing reasons, the Court **DISMISSES** the complaint's excessive force claims against all Defendants for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[4]

### C.  Request For Investigation And Termination Of Defendants' Employment

Robinson asks "the Court to investigate my case" and to "fire all 3 officers upon the completion of the investigation."  (ECF No. 1 at PageID 3.)

The relief Plaintiff seeks is unavailable.  This Court does not have authority to conduct internal investigations at correctional facilities or discipline their employees as part of a § 1983 case.  Plaintiff's claims for such relief are **DISMISSED**.

### D.  Request For Discovery

Robinson asks the Court to obtain discovery documents for him.  (ECF No. 1 at PageID 3.)  The relief he seeks is not available.

Plaintiff must pursue his discovery requests from Defendants, in accordance with the Federal Rules of Civil Procedure -- and not via a Court order.  *See*, *e.g.*, Fed. R. Civ. P. 34. *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure.  There is nothing in the record suggesting that Plaintiff has ever served any discovery requests upon Defendants.  There is, therefore, no discovery response that can be compelled from

---

[4]  Robinson's complaint alleges excessive force only as to his post-arrest intake process at the Jail.  He does not allege any constitutional deprivations arising from his arrest by "two Tipton County Sheriffs."  (*See* ECF No. 1 at PageID 4.)  Analysis of Robinson's claims under the Fourth Amendment's objective reasonableness standard is thus unnecessary.  *See Graham v. Connor*, 490 U.S. 386, 395-96 (1989) (claims of excessive force by law enforcement personnel are evaluated in view of the "totality of the circumstances").

Defendants at this time.   Furthermore, this Court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  *See Maher v. Tennessee*, No. , 2019 WL 1339602, at *2 (W.D. Tenn. Mar. 25, 2019) (internal citations omitted).

To the extent the complaint sets forth a claim for discovery (ECF No. 1 at PageID 3), that claim is **DISMISSED**.

## IV.  <u>AMENDMENT UNDER THE PLRA</u>

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court grants Plaintiff leave to amend.

## V.  <u>CONCLUSION</u>

For all of the reasons explained above:

(1)  The complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff's motion for appointment of counsel (ECF No. 7) is **DENIED** as moot; and

(2)  Leave to amend is **GRANTED**.  Any amendment must be filed within twenty-one (21) days after the date of this order.  Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings.  The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count.  If Plaintiff fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

**SO ORDERED**, this 14th day of January, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

11